RICHMOND PEARSON, Extr., et als. v. SAMUEL M. CARR.

*Mortgagor— Vendor and Vendee—Contract.*

Where a mortgagor sold a portion of the mortgaged land, and assigned the bonds given for the purchase money to the mortgagee, who had actual notice of the transaction, and who afterwards acquired title to the land, *it was held,* that the mortgagee could not collect the bonds, and at the same time deny the power to the mortgagor to make the sale.

CIVIL ACTION, heard upon exceptions to the report of a referee, by *Graves, Judge,* at Spring Term, 1884, of the Superior Court of BUNCOMBE county.

The facts are as follows:

N. W. Woodfin became indebted to Richmond M. Pearson, in two several notes, whereof the principal money, in the aggregate, was three thousand eight hundred and sixty-four dollars and ninety-two cents, and to secure the same, on February 2nd, 1867, conveyed to him, by deed of mortgage, a large tract of land in Buncombe county, consisting of several hundred acres, with condition of avoidance, if the indebtedness should be paid before March 4th, 1868. Woodfin retained possession, and on November 25th, 1871, entered into personal covenant relations with the defendant, whereby he sold to the defendant a part of the tract, supposed to contain fifty acres, for the price of eight hundred dollars, of which two hundred were to be paid, and were paid, before the twenty-fifth day of the next month, and notes in equal sums given for the residue, to mature at one and two years, and stipulated to make title when they were paid. These notes were assigned to the said Richmond M. Pearson by Woodfin, on the 25th day of January, 1873, and on the same day, the latter received, for his assignee, the sum of two hundred dollars, which was entered as a credit on the last note.

Another note of the defendant, for one hundred dollars, executed to one Peter Fore, was also endorsed to said Richmond M., and became his property, before it became due.

The land embraced in the mortgage, under a decree of foreclosure, made in an action prosecuted in the Superior Court of Buncombe county, for that purpose, was sold on July 9th, 1872, and purchased by the mortgagee, through an agent, for four thousand four hundred and six dollars and seventy-three cents, and the title conveyed accordingly.

The present action was commenced on April 6th, 1874, for the recovery of the amount due on the two notes transferred by Woodfin, as set out in the first complaint, and as set out in an

amendment thereto, both filed at the return Term of the summons, for the recovery of the note assigned by the said Fore.

The record contains a further amended complaint, filed by the plaintiff's attorneys, and with their firm signature, McLoud & Pulliam, at Fall Term, 1875, wherein it is in substance alleged, that the plaintiff, previous to the 25th day of November, 1871, was, and still is, the owner of the land described in the contract of that date, made by Woodfin with the defendant; that it was entered into by Woodfin, as his agent, and the notes were executed to him, acting in such capacity; that the notes, excepting the sum of two hundred dollars, paid at the time of the delivery to plaintiff, remained due for the full amount; that the plaintiff has always been, and still is, "ready, able and willing" to perform the agreement on his part "on payment of the remainder of said purchase money, with interest, to convey to the defendant the premises aforesaid." The demand is for judgment:

I. That defendant perform said agreement, and pay the residue of the purchase money, and

II. That if the defendant will not accept the conveyance, and pay what he owes, the premises to be sold, and the proceeds of sale applied in discharge of indebtedness, and for costs.

At the end of the complaint is the following entry, after stating the style of the cause:

"Amended complaint, filed Fall Term, 1875, Buncombe Sup'r Ct., *nol. pros.*, June 25th, 1883, offered as evidence by C. A. Moore for defendant."

The defendant answered, admitting the execution of the three notes, and avering that four hundred dollars had been paid of the purchase money, and all of the note given to Fore discharged, and declearing his readiness to comply with the covenant and contract obligations assumed in the purchase of the land.

At August Term, 1881, the defendant, with leave of the Court, amended his answer, and set up a claim for damages, and for use and occupation after the plaintiff's re-entry and resumption of possession, to which a replication was put in, denying

the charges, and asserting similar claims against the defendant. The replication was withdrawn, pending the reference, in June, 1883, and the defendant amended his answer before the referee, wherein, repeating the averments of the plaintiff in that behalf, he demands a specific execution of the contract for the sale of the land bought by him from Woodfin, declaring his readiness and ability to comply with its terms.

At Spring Term, 1882, the plaintiff's death having occurred more than four years before, his executor, Richmond Pearson, was admitted a plaintiff in his stead, and the defendant allowed further to amend his last answer, by an allegation of the proof and registration of the contract. A year later, Peter Fore was allowed to come in and interplead. In June, 1883, the substituted plaintiff put in a replication to the answer, which set up a counter claim, and insisted on an enforcement of the contract as made, on behalf of the deceased, and controverting other allegations of the defendant. This bears the signature of the other attorneys, to-wit: of F. A. Sondly and J. H. Merrimon.

The cause was referred, after a consent order, by which the heirs-at-law of the deceased testator, *nominatim*, are introduced into the cause as associate plaintiffs, and the former referee displaced by the appointment of another, who is directed " to take and state the testimony and the facts, as found by him, and his conclusions of law thereon," and make report. The reference is of " all the issues arising upon the pleadings," and the order is signed by counsel of each party, and also by the presiding Judge. The referee proceeded, in the execution of the order, to take the evidence, which, with his findings both of fact and law, was reported to the Court. We reproduce so much (and this in a summary way), as pertain to the controversy, and the points presented in the appeal.

The contract with Woodfin was personal, and he acted under no authority from the testator in making it. The two notes were assigned in a settlement between them, in January, 1873, the assignee having notice, conveyed in the indorsement, that

they were given for the tract of land sold to the defendant, and of Woodfin's inability to make title.

Carr bought in good faith, and in the belief that Woodfin could convey the estate, except so far as he is affected with constructive information of the mortgage, by reason of its registration. There was no communication between the testator and the defendant, in reference to the transaction with Woodfin. The firm of A. T. & T. F. Davidson, as attorneys, were employed by the deceased, but were not retained by his executor, and the replication to the answer put in by them, was unauthorized and without the sanction of the executor. It was withdrawn on the hearing before the referee. This pleading asserts an abandonment by the defendant of his contract with Woodfin on his removal from the State, and a surrender of the premises, with other averments as to damages, use and the like.

The amended complaint of Fall Term, 1875, demanding specific performance of the contract, as made in the interest of the testator, and as to which the *nol. pros.* was entered, was prepared and put in under a misapprehension of facts, "in relation to the contract between Woodfin and Carr, as well in respect to the persons between whom the contract was made, as in respect to the amount which Carr was to pay for the land."

The plaintiffs have failed to tender a conveyance of title, according to the terms of the contract with Woodfin, as has the defendant, to pay or offer to pay, what is still due from him therefor.

The referee rules as conclusions of law:

I. The plaintiff is not entitled to jugdment upon the two notes of November 25th, 1871.

II. He is entitled to judgment upon the Fore note, with interest, subject to a counter-claim for permanent improvements.

III. The plaintiffs should be allowed the sum of $105 and six years' interest, $37.80—the value of the rents and profits accruing during the defendant's possession, after the testator acquired title under the judicial sale.

IV. The defendant should be allowed $131 and six years' interest, $47.16, for permanent improvements put on the land in good faith, and in the expectation that Woodfin could and would comply with his stipulation.

V. The defendant is not entitled to judgment for specific performance against the plaintiffs.

VI. The plaintiffs should have judgment for $123.39, with interest, that being the difference between the opposing claims of the parties, with interest computed to July 25th, 1883, and the cost of the action.

The defendant files numerous exception to the report, of which, upon his appeal, it is necessary to notice only such as involve matters of law or legal inference, since the others are settled by the action of the Court. These exceptions were all sustained, except those numbered 9 and 10, which were overruled, and judgment rendered as follows :

I. That the plaintiff executor recover $330, the residue of the purchase money due for the land.

II. That the plaintiffs, heirs-at-law of the testator Richmond M. Pearson, execute to the defendant, a good and sufficient deed to pass an estate in fee in the land described in the contract and pleadings, and after probate, deposit the same with the clerk to be delivered to the defendant, upon his payment of what he still owes of the purchase money, as herein declared.

It is further adjudged and decreed, that the defendant have ninety days from the rising of this Court, to pay the said purchase money into the office of the Clerk of this Court, for said Richmond Pearson, executor of R. M. Pearson, deceased, and if at the expiration of said ninety days, the purchase money be not paid as aforesaid, that then the said lands be sold, by and under the direction of W. R. Young, a commissioner hereby appointed for that purpose, at the court house door in said county, at public auction, for cash, after giving notice of the time and place of such sale, as required by law of Sheriff's selling land under execution, and that he forthwith report said sale to this Court for confirmation.

It is further adjudged, that after said sale has been duly confirmed by this Court, the said W. R. Young make a good and sufficient deed in fee of said lands to the purchaser or purchasers.

It is further adjudged, that there be deducted from the proceeds of said sale, the sum remaining due for the purchase money of the land, and that the balance be paid to the defendant S. M. Carr, or to his attorneys of record in this cause.

It is further adjudged, that the plaintiff, Richmond Pearson, executor of R. M. Pearson, have and recover of the defendant the sum of one hundred and sixty-four dollars and twenty-five cents, the amount of the Carr note, with interest upon one hundred dollars from July 25th, 1884, until paid.

It is further adjudged, that the defendant pay the costs of this action, to be taxed by the Clerk.

From so much of this judgment as refuses to allow the plaintiff to recover upon the amount of the notes to Woodfin ; and as denies the plaintiff the right to enter a *nol. pros.* to the amended complaint ; and that seeks a specific execution of the contract, and admits the defendant's counter-claim for its enforcement, the plaintiffs appeal.

*Mr. Jos. B. Batchelor,* for the plaintiffs.
*Mr. C. A. Moore,* for the defendants.

Smith, C. J. (after stating the facts). The testator having accepted the transfer of the notes, with full knowledge of the purposes for which they were given, and having by his acquirement of title to the land, the means of giving the contract full effect, ought not to be allowed to collect the moneys due, as the vendee, as he proposes to do. The contract, though in form made with Woodfin, is recognized in the complaint, filed in the testator's lifetime, and more than two years before his death, as in truth made with himself through Woodfin's agency, and the Court declare, in opposition to the finding of the referee, that it "was not filed under a misapprehension of facts," so that

whether the *nol pros.* was rightly allowed by the referee or not, it remains in the record, as a positive admission of the testator's equitable liability to the defendant, for the agent's undertaking.

Moreover it was a concession to the defendants' counter-claim to have title made to him on his payment in full of the ascertained residue of the purchase money.

The referee's statement of the accounts between the parties, in reference to other matters in controversy, is sustained by the Court, and they are embodied in the final judgment. This is conclusive of the facts, and we discover no error in law therein.

The cause from its inception and during its progress, has undergone many modifications, until it found repose in a general reference. The investigations of the referee have been careful, painstaking and thorough, and the results conveyed in his report. Under the correcting hands of the revising court, his errors have been rectified, and in our opinion substantial justice is meted out in the final judgment of the court, and of this the plaintiffs have no just grounds for complaint. It must therefore be affirmed.

No error.                                          Affirmed.

DEFENDANT'S APPEAL.

This was the defendant's appeal in the foregoing case, and the facts are the same.

*Mr. Jos. B. Batchelor,* for the plaintiffs.
*Mr. C. A. Moore,* for the defendant.

SMITH, C. J. What has been said in disposing of the plaintiffs' appeal, renders unnecessary any extended consideration of that taken by the defendant. His exceptions, except two, are

sustained by the Court, and these two are untenable. The rights of the parties are in our opinion, properly ascertained and determined in the ruling of the Court, and in the final judgment that he have the land, on full payment, and that it be sold to make such payment, if it becomes neccessary by his default.

There is no error, and the judgment is affirmed.

No error. Affirmed.